## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| FELICIA OLIVER | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | |
| FOLEY CARRIER SERVICES, LLC | ) | |
| | ) | MAY 27, 2016 |
| Defendant | ) | |

## COMPLAINT AND JURY DEMAND

### (Race, Gender, Age and Retaliation)

### INTRODUCTION

1.  Plaintiff, Felicia Oliver, brings this action pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, and for acts of retaliation. Plaintiff contends that Foley Carrier Services, LLC ("Foley") discriminated against her by placing her on leave for a complaint that she made against a supervising fellow employee, and then terminating her without investigating her complaint properly, all in retaliation of her lodging a complaint to her supervisor. The Plaintiff contends that the actions of the Defendant were improperly based upon her race (African American), gender (female) and in retaliation for filing a legitimate complaint, all in violation of various state and federal statutes. The Defendant's actions negligently and intentionally caused the Plaintiff to suffer extreme emotional distress.

## JURISDICTION

2.     This Court has jurisdiction over the subject matter of this civil action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5(f)(3) and 5 U.S.C. § 7703(b)(2), The Rehabilitation Act, 29 U.S.C. § 701, et. seq. and under 28 U.S.C. §§ 1331 and 1343. The Plaintiff has received a Release of Jurisdiction from the State of Connecticut Commission on Human Rights and Opportunities dated April 19, 2016, and has therefore exhausted her administrative remedies.

## VENUE

3.     Venue is proper in this judicial district under 42 U.S.C. § 2000e-5(f)(3).

## PARTIES

4.     The Plaintiff, Felicia Oliver, an African American who is a citizen of the United States and a resident of the State of Connecticut. At all times relevant to this suit, until her termination in March, 2014, she was employed with Foley in its facility in Hartford, Connecticut.

5.     The Defendant, Foley Carrier Services, LLC has various lines of business, all relating to the interstate trucking industry and its Connecticut operation is located at 140 Huyshope Avenue, Hartford, CT 06106 and it employs approximately 110 people in the State of Connecticut.

## STATEMENT OF FACTS

6.   Plaintiff, Felicia Oliver, an African American female was employed by the Defendant as a sales agent from in or about May, 2012 through in or about March, 2014 when she was wrongfully terminated.

7.   In or about February, 2014, the Plaintiff after having an issue with another employee went to speak with a Supervisor, Martha Deme, a white female, to lodge a complaint against that employee and to request a mediation through the Supervisor.

8.   During the discussion with Ms. Deme, the Supervisor used profane language and yelled at the Plaintiff while pulling her own hair in a very violent and strange manner, which caused the Plaintiff to become very concerned and uncomfortable.

9.   As a result of this conversation with Ms. Deme, the Plaintiff forwarded an email dated February 24, 2014 to all Foley management, which included Robbyn Tangney, Richard Pummel, Joel Sitak, Martha Deme, Sherry Fortin, and Jeremy Deme, all of whom are white.

10.   In the email, the Plaintiff complained about the treatment she had received from a co-worker and upper management as a result of Plaintiff lodging a complaint about her co-worker even before an investigation had been commenced. The email also noted the nature of the conduct of Ms. Deme, who the email stated she swore at her and made the conversation very public.

11.   Ms. Deme responded to the Plaintiff's email on the same date in which she stated that it wasn't clear "who you had these conversations with and who you are looking for a response from." Ms. Deme copied Pamela Hall the new Director of HR on the email. Ms. Hall is a white female.

12.   Ms. Hall later that day sent an email to Ms. Deme on which she copied Robbyn Tangney, Richard Pummell and Joel Sitak, in which she stated that the Plaintiff had come to see her briefly that same day and she asked the Plaintiff to return the next day to continue their discussion. The subject of the email was "Employee Concern – Felicia."

13.   On February 24, 2014, the day of the incident, the Plaintiff was told to go home early and that an investigation on her complaint would begin.

14.   The Plaintiff was never interviewed by Ms. Hall or any other Management personnel at Foley other than the brief discussion with Ms. Hall on February 24, 2014, which discussion did not get into the Plaintiff's complaint against her co-worker of the conduct of Ms. Deme.

15.   The Plaintiff was allowed to return to work on March 3, 2014, and still had not been interviewed by Ms. Hall or anyone else about the incident with her co-worker on February 24, 2014.

16.   At approximately 6:30 – 7:00pm on March 3, 2014, the Plaintiff was called in to see Ms. Hall who informed her that she should not return to work but would be paid "for however long it takes", however the Plaintiff

still had not been interviewed regarding her complaint or any other matter.

17.    On March 6, 2014, Ms. Hall contacted the Plaintiff to inform her that she was terminated because she was "intimidating by nature."

18.    As of the date of her termination, the Plaintiff was never interviewed by Ms. Hall or anyone else concerning her complaint about her co-worker, the conduct of Ms. Deme or any other issues that Foley may have had with her.

19.    The reason given for the Plaintiff's termination, i.e., that she was "intimidating by nature" is an offensive, thinly veiled racially charged comment that is used often to describe people of color.

20.    During the early part of the Plaintiff's employment at Foley, she was told by her supervisors that she sounded "ghetto" when speaking on the phone, and her phone at the workplace was removed from her so she would not say anything "offensive" on the phone.

21.    The Plaintiff admittedly did not use "big words" and spoke in simple terms but was quite able to communicate with anyone and all of her customers.

22.    No customer of the Plaintiff ever complained about her language skills.

23.    During the Plaintiff's employment, she was excluded from meetings held between other employees, which meetings pertained to her job as a Sales Agent.

24.     The Defendant Supervisors criticized the Plaintiff on her style of dress and her wearing braids, both of which are common to African American culture.

25.     At one point during Plaintiff's employment at Foley, a meeting was held in which a dress code was established for the first time at Foley, which on information and belief was directly related to the Plaintiff's style of dressing.

## COUNT ONE (Racial discrimination in Violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C.§ 2000e, et. seq.)

26.     Paragraphs one through twenty five are re-alleged and incorporated by reference herein.

27.     The Defendant's conduct as alleged at length herein constitutes discrimination based on race in violation of Title VII of the Civil Rights Act of 1964. The stated reasons by the Defendant for terminating the Plaintiff were not true reasons, but instead a pretext to cover up the Defendant's discriminatory animus.

## COUNT TWO (Reprisal for Engaging in Protected Activities)

28.     Paragraphs one through twenty five are re-alleged and incorporated by reference herein.

29.     The Defendant's conduct as alleged above constitutes retaliation

against the Plaintiff because she engaged in activities protected by Title VII of the Civil Rights Act of 1964, in that she complained about the conduct of a co-worker and a Supervisor.

30.     The Defendant failed to investigate the Plaintiff's complaints and instead placed her on administrative leave, after which she was terminated. The stated reasons for the Plaintiff's termination were not the true reasons, but instead were pretexts to hide the Defendant's retaliatory animus.

**COUNT THREE (Intentional Infliction of Emotional Distress)**

31.     Paragraphs one through twenty five are re-alleged and incorporated by reference herein.

32.     The Defendant's conduct in excluding the Plaintiff from meetings she should have attended, describing her as "ghetto" and initiating a dress code because of the Plaintiff's dress was intended to cause and did cause the Plaintiff to suffer extreme emotional distress.

**COUNT FOUR (Negligent Infliction of Emotional Distress)**

33.     Paragraphs one through twenty five are re-alleged and incorporated by reference herein

34.     The Defendant's conduct in excluding the Plaintiff from meetings she should have attended, describing her as "ghetto" and initiating a dress code because of the Plaintiff's dress was conduct that the Defendant knew or should have known would cause the Plaintiff to suffer extreme emotional

distress.

35. The Defendant's negligent conduct was the proximate cause of the Plaintiff's extreme emotional distress.

**COUNT FIVE (Violation of CUTPA, C.G.S. § 42-110, et. seq.)**

36. Paragraphs one through twenty five are re-alleged and incorporated by reference herein.

37. The Defendant's conduct in excluding the Plaintiff from meetings she should have attended, describing her as "ghetto" and initiating a dress code because of the Plaintiff's dress was unfair and deceptive conduct in violation of Connecticut's Unfair Trade Practices Act, C.G.S. § 42-110, et. seq.

38. The Defendant has suffered a loss of income and extreme emotional distress as a result of the unfair and deceptive actions and conduct of the Defendant.

**COUNT SIX (Breach of Implied Covenant of Good Faith and Fair Dealing)**

39. Paragraphs one through twenty five are re-alleged and incorporated by reference herein.

40. The Defendant through its actions with the Plaintiff breach the implied covenant of good faith and fair dealing that is implied in all business transactions.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff requests the following relief:

| | | | |
|---|---|---|---|
| V. | a. | a. | Compensatory damages; |
| VI. | b. | b. | Treble damages under C.G.S. § 42 – 110, et. seq.; |
| VII. | c. | c. | Damages for emotional suffering; |
| VIII. | d. | d. | Punitive damages; |
| IX. | e. | e. | Attorney fees and costs; |
| X. | f. | f. | Such other equitable relief as the Court deems appropriate. |

PLAINTIFF, FELICIA OLIVER

*Ronald S. Joh*

By Ronald S. Johnson

Dated at Hartford, CT on May 27, 2016.